LAW OFFICES OF
O'KEKE & ASSOCIATES, P.C.
801 Franklin Avenue.
Brooklyn, New York 11238
Tel.: (718) 855-9595
Attorneys for plaintiffs
------------------------------------X----------------------------
CARLIEK MATTHEWS                      :**UNITED STATES DISTRICT COURT**
                                      :**EASTERN DISTRICT OF NEW YORK**
              Plaintiff(s),           :
                                      :   CASE No.:14 CV 0637
       against                        :
                                      :   CIVIL ACTION
                                      :
THE CITY OF NEW YORK,                 :   **AMENDED COMPLAINT**
P.O. WIDNY CYLET (Shield#25349)       :
SGT. PHILLIP  PICCIANO(Shield#1292):
P.O. CHRISTIAN RODRIGUEZ              :
(Shield#18738), JOHN DOE AND          :
"JANE    DOE" 1- 3 inclusive, the :
names of the last defendants being :
fictious, the true names of the       :   **PLAINTIFF DEMANDS**
defendants being unknown to the       :   TRIAL BY JURY
plaintiff.                            :
                                      :   **(ENV)(JMA)**
              Defendant(s).           :
------------------------------------X----------------------------


     TAKE  NOTICE,  the  Plaintiff,  Carliek  Matthews,  hereby
appears  in  this  action  by  his  attorneys,  The  Law  Offices  of
O'keke & Associates, P.C., and demands that all papers be served
upon them, at the address below, in this matter.


     Plaintiff,  Carliek  Matthews,  by  his  attorneys,  The  Law
Offices  of  O'keke  &  Associates,  P.C.,  complaining  of  the
defendants, The City of New York, and "John Doe" AND "Jane Doe"
1-6,  collectively  referred  to  as  the  Defendants,  upon
information and belief alleges as follows:

1

## **NATURE OF THE ACTION**

1.  This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

## **JURISDICTION**

2.  The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States.  Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3.  All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

4.  As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

### SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

5.   All conditions precedent to the filing of this action have been complied with. On February 13, 2013, within ninety days after the false Arrest and other claims alleged in this complaint arose, a sworn written notice of claim, was served upon the defendant City of New York,. The plaintiff's claim was assigned the numbers 2013PI004990 by the City of New York's Comptroller's office.

6.   At least thirty days have elapsed since the service of the abovementioned notice of claim, and adjustment or payment of the claim has been neglected and/or refused.

7.   This action, pursuant to New York State and City Law, has been commenced within one year and ninety days after the happening of the event upon which the claim is based.


### PARTIES

8.   Plaintiff resides in Queens, New York and is a resident of the State of New York.

9.   The actions which form the underlying basis for this case all took place in the County of Queens, within the jurisdiction of the Eastern District of New York.

10.  Defendants P.O. Widny Cylet (Shield#25349), SGT. Phillip Picciano(Shield#1292),P.O.Christian Rodriguez(Shield#18738) and "John Doe" and "Jane Doe" 1'through'3 are known and unknown police officers for the City of New York, acting under color of state law.  They are all being sued in both their individual and official capacity.

11.  The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

12. On or about November 12, 2012, at approximately 1:00PM, the plaintiff was sitting outside with his girlfriend on the stoop of his girlfriend's building, when the defendant officers approached the plaintiff.

13. The defendant officers immediately told plaintiff to turn around, and then began to search the plaintiff.

14. That whilst searching the plaintiff, the defendant officers took plaintiff's car keys from plaintiff's pocket and proceeded to go and search plaintiff's car.

15. That after searching plaintiff and plaintiff's car and not finding anything illegal or unlawful, the defendants informed the plaintiff that he was being arrested for trespassing.

11. The plaintiff and plaintiff's girlfriend both made it clear that plaintiff's girlfriend resided in the building, and that plaintiff was visiting her, but the defendants still handcuffed the plaintiff and led him away.

12. The plaintiff was then placed in a police vehicle and transported to the 114th precinct in Queens, where he was pedigreed and placed in a holding cell for several hours.

13. After being detained in the cell for several hours, plaintiff was transported to the Central Bookings Division of the Criminal Court, County of Queens.

14. The plaintiff was further detained at the Central Bookings, for another day, before he was brought up before a judge of the criminal court and the matter was adjourned in contemplation of dismissal.

15. That during the entire ordeal, the plaintiff was not provided with any food or drink and was often denied access to restroom facilities.

16. That as a result of the unlawful arrest and detention,

plaintiff was suspended from his job with the City of New York, Department of Housing.

17. That as a result of the unlawful arrest and detention, the plaintiff remained suspended for approximately forty-four (44) days with no pay and was then returned to a probationary status at his job.

25. The decision to arrest the plaintiffs was objectively unreasonable under the circumstances.

26. That while plaintiff was being detained, the defendants individually and/or collectively completed arrest paperwork, in which they swore in part, that the plaintiff had committed a crime and/or offense, inclusive of being in possession of a controlled substance.

27. That at some point during the time from when plaintiff had been arrested to when the defendants were doing the paperwork for plaintiff's arrest, they were able to verify that plaintiff was not trespassing, and decided to charge the plaintiff with possession of a controlled substance, instead of trespassing. The factual claim by the defendant officers was materially false and the defendant officers knew it to be materially false at the time they first made it, and every time thereafter when they repeated it.

28. That the defendant officers forwarded these false allegations to the Kings County District Attorney ("KCDA") in order to justify the arrests and to persuade the KCDA to commence the plaintiff's criminal prosecution.

29. That as a direct result of these false allegations by the defendant an officer, the plaintiffs were criminally charged under Docket Number 2012QN059402.

30. The plaintiff remained in the detention of the defendants for a second day, before the plaintiff was brought before a judge of the criminal court, wherein the case was adjourned

in contemplation of dismissal.

31. At no time prior to or during the above events was there probable cause to arrest the plaintiff, nor was it reasonable for the defendants to believe that probable cause existed.

32. At no time did any defendant take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against the plaintiff.

33. The defendant officers intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

34. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer injuries, including but not limited to emotional distress, nightmares, and unwarranted severe anger bouts some or all of which may be permanent.

35. The false arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

36. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

37. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police

officers including defendants in this case, to engage in unlawful conduct.

38. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

39. That the defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the NYPD

40. Defendant New York City had actual or constructive knowledge that there was inadequate supervision over and /or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers and other blatant violations of the United States Constitution and rules and regulations of the NYPD. Despite ample notice and/or knowledge of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to ensure that NYPD members engaged in police conduct in a lawful and proper manner, inclusive of use of their authority as law enforcement officers with respect to the general public and specifically the plaintiff herein.

41. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic and institutional misuse and abuse of police authority by its NYPD employees and thereby deliberately and intentionally adopted, condoned and otherwise created through deliberate inaction and negligent

supervision and NYPD policy, practice and custom of utilizing illegal and impermissible searches, arrests and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond plaintiff's arrest.

42. That all of the acts and omissions by the defendant officers described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

43. The existence of the unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in a long history of civil actions in state and federal courts.

44. In an Order dated November 25, 2009, in Colon v. City of New York, 09 CV 0008 (EDNY), the court held that:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration—through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department—there is some evidence of an attitude among officers that is sufficiently

8

*widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.*

45. That on more than half of the occasions where the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

46. That the defendant New York City has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk and the inadequate  level of supervision would lead to violation of individuals constitutional rights in general, and caused the violation of plaintiff's rights in particular.

47. The actions of all defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

48. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

49. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

**AS A FIRST CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK**

**STATE LAW**

50. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 49 of this complaint as though fully set forth herein.

51. The arrest, detention and imprisonment of plaintiff was without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

52. As a result of plaintiff's false arrest and imprisonment, they have been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know them, was prevented from attending to their necessary affairs, and have been caused to incur legal expenses, and have been otherwise damaged in his character and reputation.

53. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

54. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

55. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.


**AS A SECOND CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER**

**UNLAWFUL SEARCH UNDER 42 U.S.C § 1983**


56. By this reference, the plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 55 of this complaint as though fully set forth

10

herein.

57. Following the plaintiff's arrest, the defendant officers searched and/or strip-searched and/or caused the plaintiff and/or his property to be searched and/or strip-searched, without any individualized reasonable suspicion that he was concealing weapons or contraband.

58. As a result of the foregoing, the plaintiff was subjected to an illegal and improper search and/or strip-search.

59. The foregoing unlawful search violated the plaintiffs' constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

60. As a consequence of the defendant officers' individual and/or collective actions as set forth above, the plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiffs hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against the defendant officers, individually and severally.

**AS A THIRD CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER:**

**FAILURE TO INTERVENE UNDER 42 U.S.C § 1983**

61. By this reference, the plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 60 of this complaint as though fully set forth herein.

62. Each defendant officer had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

63. Each defendant officer failed to intervene on the plaintiff's behalf to prevent the violation of his

constitutional rights, despite having had a realistic and reasonable opportunity to do so. 75. As a consequence of the defendant officers individual and/or collective actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, serious personal injuries, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in an amount to be determined at trial, against the defendant officers, individually and severally.

**AS A FOURTH CAUSE OF ACTION: AGAINST ALL DEFENDANTs: FALSE ARREST, FALSE IMPRISONMENT, MALICIOUS PROSECUTION, EXCESSIVE FORCE ANDUNLAWFUL SEARCH PURSUANT TO ARTICLE 1, SECTION 12, OF THE NEWYORK STATE CONSTITUTION**

64. By this reference, the plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 63 of this complaint as though fully set forth herein.

65. The above-described respective assault, battery, excessive force, false arrest, unlawful search, false imprisonment, detention and malicious prosecution of the plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest, summary punishment, and subsequent detention.

66. As a result of the above-described assault, battery, excessive force, false arrest, unlawful search, false imprisonment, detention and prosecution, the plaintiff was caused to suffer loss of liberty, serious personal injuries, humiliation, great mental and physical anguish, embarrassment and scorn among those who know him; was prevented from attending to his necessary affairs, and has

been otherwise damaged in his character and reputation.

67. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against the defendant officers, individually and severally.

68. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

**AS A FIFTH CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION/FALSIFICATION OF EVIDENCE**

67. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 66 of this complaint as though fully set forth herein.

68. The defendant officers individually and/or collectively created false evidence against the plaintiff.

69. The defendant officers individually and/or collectively forwarded false evidence and false information to the prosecutors in the Kings County District Attorney's office.

70. The defendant officers individually and/or collectively were directly involved in the initiation of criminal proceedings against the plaintiff.

71. The defendant officers individually and/or collectively lacked probable cause to initiate criminal proceedings against the plaintiff.

72. The defendant officers individually and/or collectively acted with malice in initiating criminal proceedings against the plaintiff.

101. The defendant officers individually and/or collectively were directly involved in the continuation of criminal

proceedings against the plaintiff.

73. Each defendant officer lacked probable cause in continuing criminal proceedings against the plaintiffs.

74. Each defendant officer acted with malice in continuing criminal proceedings against the plaintiff.

75. Each defendant officer misrepresented and falsified evidence throughout all phases of the criminal proceeding.

76. Each defendant officer misrepresented and falsified evidence to the prosecutors in the Richmond County District Attorney's office.

77. Each defendant officer withheld exculpatory evidence from the prosecutors in the Richmond County District Attorney's office.

78. Each defendant officer did not make a complete statement of facts to the prosecutors in the Richmond County District Attorney's office.

79. By creating false evidence against the plaintiffs; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, each defendant officer violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

80. As a consequence of the defendant officers' actions, the plaintiffs suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiffs hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against each defendant officer, individually and severally.

**AS A SIXTH CAUSE OF ACTION: AGAINST EACH AND ALL DEFENDANTS:**

**NEGLIGENCE**

81. Plaintiff repeats and realleges paragraphs 1 through 80 as if each paragraph is repeated verbatim herein.

82. As a direct and proximate result of the negligent acts and/or omissions of the defendants as set forth herein, the plaintiffs suffered physical injury, conscious pain and suffering, medical expenses, and mental anguish.

83. That by reason of the said negligence, the plaintiffs suffered and still suffers bodily injuries, became sick, sore, lame and disabled and has remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is informed and verily believes that he will continue to suffer for a long time to come and that said injuries are permanent; has suffered economic loss inasmuch as he was forced to, and is still forced to expend sums of money on medical treatment; that he was deprived of his pursuits and interests and verily believes that in the future he will continue to be deprived of such pursuits; and that said injuries are permanent. The defendant officers were at all material times acting within the scope of their employment, and as such, the City defendant is vicariously liable for the defendant officers acts as described above.

84. This cause of action, upon information and belief, falls within one or more of the exceptions of CPLR 1602.

**WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;

2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

4. For such other and further relief as the court deems proper.


Dated: July 20, 2014
      Brooklyn, New York


              O'keke& Associates, PC.

                  /s/

              _____
              Patrick O'keke, Esq. (PO-2861)
              O'keke& Associates, PC.
              Attorney for Plaintiff
              801 Franklin Avenue
              Brooklyn, New York 11238
              Tel. (718) 855-9595

Civil Case Number: _____ Attorney: <u>PATRICK O'KEKE [2861]</u>

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

CARLIEK MATTHEWS

                                        Plaintiff(s),

    against



THE CITY OF NEW YORK, P.O. WIDNY CYLET (Shield#25349), SGT. PHILLIP PICCIANO(Shield#1292), P.O. CHRISTIAN RODRIGUEZ (Shield#18738) and JOHN DOE and JANE DOE 1-3

                                        Defendant(s).

---

**SUMMONS & COMPLAINT**
**DEMAND TRIAL BY JURY**

---

**O'keke & Associates, PC**
801 FRANKLIN AVENUE, BROOKLYN NY, 11238
PHONE: (718) 855-9595  FAX: (718) 855-9494
EMAIL: polawuk@aol.com,

---

To:


Defendants/Attorney(s) For Defendants.

---

        Service of a copy of the within is hereby admitted

                    Dated: _____

            Attorney(S) For: _____

---

17