UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------x
CARLIEK MATTHEWS,

                Plaintiff,

      -against-

CITY OF NEW YORK, JOHN DOE
and JANE DOE 1-3, P.O. WIDNY
CYLET, SGT PHILLIP PICCIANO,
and P.O. CHRISTIAN RODRIGUEZ,

                Defendants.
---------------------------------------------x

MEMORANDUM & ORDER

14 Civ. 637 (ENV) (SMG)

VITALIANO, D.J.

      On November 2, 2015, Chief Magistrate Judge Steven M. Gold issued a Report and Recommendation ("R&R") that plaintiff's complaint be dismissed for failure to prosecute this action. (R&R, ECF No. 27). Plaintiff has not objected to the R&R and, for the reasons stated below, the R&R is adopted in its entirety.

      In reviewing the report and recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Where no timely objection has been made, the district court may adopt the report and recommendation, "provided no clear error is apparent from the face of the record." *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014).

      Substantively, it is well-settled that "a district court may, *sua sponte,* dismiss an action for lack of prosecution pursuant to Fed. R. Civ. P. 41(b)." *Minnette v. Time Warner*, 997 F.2d

1



1023, 1027 (2d Cir. 1993); *see Desouza v. Fischer*, No. 12 Civ. 0821 (JMA) (GRB), 2015 WL 4104794, at *3 (E.D.N.Y. July 8, 2015) (same). In this case, as described by Chief Magistrate Judge Gold in his R&R, plaintiff has failed to prosecute his action. Not only was plaintiff's counsel granted leave to withdraw after plaintiff failed to maintain communication with him, but, more significantly, plaintiff failed to comply with court orders requiring him to attend a hearing and file a letter confirming his intention to prosecute this case. (Aff. in Supp. of Mot. to Withdraw, ECF No. 20-1 ¶ 9; Minute Entry, Apr. 13, 2015, ECF No. 21; Minute Entry, June 6, 2015, ECF No. 23; Order, ECF No. 25; *see* Mail Receipt, ECF No. 26). When *pro se*, plaintiff was also warned that the failure to submit this letter would result in a recommendation that the complaint be dismissed with prejudice for failure to prosecute. (Order at 2). In addition, the R&R gave proper notice (and a chance practically to re-ignite his lawsuit) that any objection to the recommendation of dismissal must be filed within 14 days. (R&R at 2). No party objected to Chief Magistrate Judge Gold's R&R within the time proscribed by 28 U.S.C. § 636(b)(1), or thereafter.

The Court finds Chief Magistrate Judge Gold's R&R to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts the R&R in its entirety as the opinion of the Court.

## Conclusion

Accordingly, the complaint is dismissed with prejudice for failure to prosecute this action.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed enter judgment to close this case and mail a copy of this order to plaintiff at his last known address, which is listed at ECF No. 28.

So Ordered.

Dated: Brooklyn, New York
December 3, 2015

/s/ USDJ VITALIANO

_____
ERIC N. VITALIANO
United States District Judge